## Disbursement of Old Age Pension

ARNOLD, Deputy Attorney General, January 9, 1935.—You have asked us whether the Act of September 19, 1934, P. L. 9, requires the State Emergency Relief Board to make the disbursements of cash therein authorized to be paid to unemployed persons who are entitled to old age assistance, or whether the board may allot lump sums from time to time to the Department of Welfare, and permit that department to make the disbursements.

Among the purposes of the Act of September 19, 1934, as expressed in its title is the "Making an appropriation to the State Emergency Relief Board for direct relief, *including* old age assistance". Section 1 makes the appropriation for "direct relief, work relief, and for administrative expenses". Section 2 requires the State Emergency Relief Board to make allocations from the moneys appropriated, "among the several counties". Section 4 forbids payment of direct relief in cash except to unemployed persons entitled to old age assistance under the Act of January 18, 1934, P. L. 282. The section concludes with this clause:

". . . and the State Emergency Relief Board shall . . . pay to such eligible persons, as shall be designated by the Department of Welfare, such sums, monthly, as shall be needed to make payments to such persons."

You suggest that the Acts of January 18, 1934, P. L. 282 and P. L. 285 indicate an intention that the Department of Welfare shall administer the old age assistance system and that, therefore, disbursements under the Act of September 19, 1934, should be made by that department.

That suggestion misapprehends the nature and purpose of the Act of September 19, 1934, and fails to take into account several of its clear directions.

The September act is an emergency unemployment relief act, not an old age assistance act. It is neither an amendment nor a supplement to the old age assistance act. Indeed, the only substantial reference to the old age assistance system is the provision which permits payments of direct relief to be made in cash to unemployed persons who would be entitled to assistance under the Act of January 18, 1934, P. L. 282, while forbidding such cash payments to others. A subordinate feature is the provision which authorizes the Department of Welfare to designate the persons who shall be entitled to receive these payments.

But the direction of the act is that the State Emergency Relief Board shall allocate the moneys among the several counties, and that it shall pay the money to the persons designated by the Department of Welfare.

We recently advised you (Informal Opinion No. 493), that the duty of the board to allocate funds among the counties could not be delegated and could not be performed by making lump allocations for the whole State. The same principles would operate to prevent the board from making a lump allocation for expenditure or disbursement by the Department of Welfare.

The direction that the board shall make the payments to persons who are qualified to receive direct relief in cash is equally mandatory. We cannot read it to mean that the Department of Welfare shall make the payments.

Therefore, we advise you that it is the duty of the State Emergency Relief Board, and not of the Department of Welfare, to disburse the funds payable in cash as direct relief under the Act of September 19, 1934, P. L. 9.